UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. VISNER,

    Plaintiff,

Case No. 2:19-cv-11775

HONORABLE STEPHEN J. MURPHY, III

v.

ELIZABETH WALSH, et al.,

    Defendants.
_____/

**ORDER GRANTING APPLICATION
TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING THE CASE**

On June 10, 2019, Plaintiff Theodore J. Visner filed his pro se complaint and application to proceed in forma pauperis ("IFP"). ECF 1, 2. Visner represents that he is incarcerated, receives limited disability payments and gifts per month, has no money in a bank account, is responsible for supporting his two children, must pay $50 per month to Judge Gill, and that Kent County police stole his property. *See* ECF 2, PgID 11–12. His prison fund account has average monthly deposits of $22.92 but has a current spendable balance of $3.64. *Id.* at 13. The Court will grant Visner's request to proceed IFP.[1]

---

[1] Visner recently filed a separate complaint and IFP application in the District, but his claims were dismissed as frivolous or malicious, failing to state a claim, or seeking monetary relief against immune defendants. *See Visner v. Gatza*, 2:19-cv-11289, ECF 9 (E.D. Mich. May 29, 2019). The present Order will count as Visner's second strike under the IFP statute's three-strikes provision. *See* 28 U.S.C. § 1915(g) (explaining that, if a prisoner proceeding IFP brings three civil actions that fail under § 1915(e)(2), he will be prevented from proceeding IFP in future cases).

Because Visner is proceeding IFP, the Court must screen the complaint. *See* 42 U.S.C. § 1997e(c) (Prisoner Litigation Reform Act); 28 U.S.C. § 1915(a)(1) (IFP statute). The Court must dismiss the complaint if it determines that Visner's claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary damages against defendants immune from that relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Although the Court liberally construes pro-se litigant filings, dismissal of a case is appropriate when the "claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (internal quotations omitted). Moreover, a complaint if frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Visner's complaint is frivolous and fails to state a claim on which relief can be granted. The Court will therefore sua sponte dismiss the complaint. 28 U.S.C. § 1915(e)(2) (requiring the Court to "dismiss [an informa pauperis] case at any time if the court" finds certain features exist).

Visner seeks "money damages . . . against Bay County Court Officers or Employees and the County of Bay who trespassed upon [his] court business resulting in [his] unlawful detention and imprisonment." ECF 1, PgID 17. He claims violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id*. Visner sues Bay County Court employees Elizabeth Walsh and Erica Day; Bay County judge, Judge Harry P. Gill; and Bay County employees Jane and John Doe (collectively, the "Individual Defendants"). He also sues Bay County. *Id.* at 18.

Visner was arrested on October 11, 2017. *Id.* He was released on December 6, 2017. *Id.* Between December 6, 2017 and August 8, 2018, Visner worked on his defense. *Id.* He set hearing dates on August 6 and 13, 2018. *Id.* Visner alleges that Walsh "without permission of the parties, without consent or knowledge of the parties and without any authority to do so— canceled [his] motion hearing dates on Aug. 6 and Aug. 13, 2018 and rescheduled them to a date in September 2018." *Id.* at 19. He claims that Walsh "trespass[ed] on [his] case." *Id.* When Visner called Walsh for an explanation of the changed dates, Walsh allegedly replied, "I was coerced to." *Id.*

Visner learned that Judge Gill ordered Walsh to cancel and reschedule the motion dates. *Id.* He further believes that unnamed Bay County court officials "directed" Walsh to commit "these trespasses" on his case. *Id.* at 20.

Visner also alleges that Walsh and Day told him that "Judge Gill ordered this trespass and that a scheduling order that stated that 'all motions are to be filed and heard on or before September 12, 2018'" did not actually mean "or before." *Id.* He claims this took away his due process right to defend himself and denied him access to the Courts. *Id.* Visner contends that the Defendants' actions "tampering/altering and screwing up [his] hard work and defense measures subject[ed] [him] to massive harms that include unlawful loss of liberty and wrongful imprisonment." *Id.*

Here, Visner's complaint relies on an indisputably meritless legal theory and lacks an arguable basis in law or fact. First, Visner fails to allege facts that would constitute a Fourth, Fifth, Sixth, or Eighth Amendment violation.

3

Second, the Individual Defendants are entitled to absolute immunity. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (collecting cases). Visner's allegations against the Individual Defendants relate to the scheduling of a motion hearing. Managing cases and the court docket by scheduling (and rescheduling) hearings are judicial or quasi-judicial functions. Because the Individual Defendants are entitled to absolute immunity, Visner's complaint fails to state a claim against them.

Third, Visner fails to state a claim against Bay County. A local government cannot be subject to § 1983 liability under a theory of respondeat superior. Rather, a municipality may "be sued directly under § 1983 for monetary, declaratory, or injunctive relief" when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). To succeed on a *Monell* claim, a plaintiff must allege: (1) that the custom is attributable to the municipality's policymaking officials, and (2) the custom was the cause of his constitutional deprivation. *See id.* at 692–94. Here, Visner makes merely conclusory allegations that Bay County adopted a policy, practice, or custom that motivated the Individual Defendants and resulted in his alleged constitutional deprivations. "Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are

4

insufficient to state a claim." *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Visner's complaint therefore fails to state a claim against Bay County.

Because Visner's complaint relies on an indisputably meritless legal theory and lacks a valid basis in law or fact, his case will be dismissed. Finally, an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Court will therefore deny Visner IFP status on appeal.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's application to proceed without prepaying fees or costs [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court certifies that an appeal cannot be taken in good faith and **DENIES** Plaintiff in forma pauperis status on appeal.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 25, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager